## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTONIO M. FERNANDEZ
2522 Carriage Lane, Apartment 2D
Fredericksburg, Virginia  22401

      Plaintiff,

v.                                                                  CASE NO.:

ETB HOLDINGS, INC.
671 North Glebe Road
Arlington, Virginia  22203

      Defendant.

**Serve on:**

Corporation Service Company
11 South 12th Street
Post Office Box 1463
Richmond, Virginia  23218

      Registered Agent.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW Plaintiff, Antonio M. Fernandez, by and through his attorney, William S. Bach, sues Defendant, ETB Holdings, Inc., and states as follows:

1. That Plaintiff, Antonio M. Fernandez, is a resident of the state of Virginia. Plaintiff was formerly employed by Defendant, ETB Holdings, Inc.

2. That Defendant, ETB Holdings, Inc., is a corporation duly organized under the laws of the state of Delaware, with its principal place of business in Arlington, Virginia.

It is in the business of offering computerized on-line stock trading and stock brokerage services to members of the general public nationwide.

    3.  That the jurisdiction of this court is based upon 28 U.S.C. 1332(c).

    4.  That venue is based upon 28 U.S.C. 1391(c).

    5.  That from May 19, 2003 until his sudden and wrongful termination on April 11, 2005, Mr. Fernandez was employed as an Information Technologies Senior Project Manager on an at-will basis. He did not have a written employment contract or a specific term of employment with Defendant.

    6.  That as a senior project manager, Mr. Fernandez earned a salary of over Eighty-Thousand Dollars ($80,000.00) per year, and was also entitled to bonuses and other remuneration.

    7.  That Plaintiff's duties consisted of overseeing and managing various aspects of Defendant's said information technology projects. Mr. Fernandez was required to fully comply, at all times, with all federal, state, and local laws and regulations, and all necessary documents.

    8.  That on the said April 11th date, and due to the ongoing instances of illegal corporate accounting and business practices, a team of federal regulators from the Office of Thrift Surveillance (hereinafter "OTS") was on the premises examining certain of Defendant's accounting and business practices. However, during a meeting, Plaintiff was clearly and specifically ordered by his supervisor, Danny Ng, not to speak with the said

federal bank regulators, or to assist them in any way, if asked by any of the said auditors about any aspect of Defendant's business practices or operations.

9. That, in that conversation, Mr. Ng stated to Plaintiff as follows:

> "When you have a crime scene, you do not talk to the detectives because they will get to the bottom of it; nothing good will come of it."

10. That, however, following the meeting, and in the presence of several other of Defendant's employees, Mr. Fernandez stated to Mr. Ng that he felt that Mr. Ng's order was illegal and morally wrong, and that he was thereby refusing to obey said order. Plaintiff stated to Mr. Ng that he would not volunteer any information to any of the said examiners, but, however, if asked, he would then honestly, fully, and truthfully answer any and all questions posed to him by the said federal banking examiners.

11. That Mr. Fernandez, however, was then immediately terminated by Defendant. Just one hour after Plaintiff made the aforesaid statement to his supervisor, Mr. Ng, Plaintiff, wholly without cause, warning, or lawful justification, was suddenly and summarily fired, and was then immediately escorted from Defendant's premises.

12. That as a direct result of aforesaid unlawful and unwarranted actions of Defendant and its agents and/or employees, Plaintiff has suffered substantial damages.

## COUNT I
(Wrongful Discharge)

13. COMES NOW Plaintiff, Antonio M. Fernandez, by and through his attorney,

William S. Bach, sues Defendant, ETB Holdings, Inc., and hereby recites and incorporates all of the aforegoing paragraphs, as fully as if made again originally, and he further states:

14. That the sole basis for the termination of Plaintiff by Defendant and its agents and/or employees was Plaintiff's refusal to comply with his said supervisor's illegal instruction, and thereby become an accessory to Defendant's criminal activity.

15. That Plaintiff, at all times, fully and competently performed all of the duties assigned to him.

16. That Plaintiff's termination was wrongful and without any cause whatsoever due to the fact that it resulted solely from Plaintiff's rightful refusal to engage in criminal activity, and from his avowal and assertion of his lawful rights and duties as an employee and a citizen to report known criminal activity.

17. That the avowed public policy of the State of Virginia is to encourage citizens to report criminal activity to the appropriate authorities.

18. That Danny Ng directed Mr. Fernandez to commit a criminal act by instructing Plaintiff to not report Defendant's illegal business practices.

19. That the subsequent conduct of Defendant and its agents and/or employees in immediately terminating Plaintiff was deliberate, malicious, willful, and intentionally calculated to inflict harm upon Plaintiff.

20. That as a direct result of Defendant's wrongful termination of Mr. Fernandez,

Plaintiff has been left without employment, deprived of an annual salary of Eighty-Thousand Dollars ($80,000.00), plus bonuses and other remuneration, suffered damage to his reputation, and has otherwise been damaged.

WHEREFORE, Plaintiff, Antonio M. Fernandez, demands judgment against Defendant, ETB Holdings, Inc., in the amount of Eighty-Thousand Dollars ($80,000.00) in compensatory damages, One-Million Dollars ($1,000,000.00) in punitive damages, plus interest at the rate of six percent (6%) from the said April 11, 2005 date of termination to the date of judgment, attorney fees in the amount of Fifteen-Thousand Dollars ($15,000.00), costs, and all such other and further relief as this Honorable Court deems just and proper.

### COUNT II
(Respondeat Superior)

21. COMES NOW Plaintiff, Antonio M. Fernandez, by and through his attorney, William S. Bach, sues Defendant, ETB Holdings, Inc., and hereby recites and incorporates all of the aforegoing paragraphs, as fully as if made again originally, and he further states:

22. That at all times relevant hereto, Plaintiff's said supervisor, Danny Ng, was employed by and/or an agent of Defendant, ETB Holdings, Inc., and all of the above described acts of Mr. Ng were committed within the scope of his employment and/or agency with said Defendant.  Mr. Ng committed all said acts while on duty, inside of said

Defendant's place of business, and in furtherance of Defendant's interests.

23. That as Danny Ng's employer and/or principal, Defendant, ETB Holdings, Inc., is wholly responsible for all of the aforesaid acts committed by Danny Ng within the scope of his employment and/or agency.

WHEREFORE, Plaintiff, Antonio M. Fernandez, demands judgment against Defendant, ETB Holdings, Inc., in the amount of Eighty-Thousand Dollars ($80,000.00) in compensatory damages, One-Million Dollars ($1,000,000.00) in punitive damages, plus interest at the rate of six percent (6%) from the said April 11, 2005 date of termination to the date of judgment, attorney fees in the amount of Fifteen-Thousand Dollars ($15,000.00), costs, and all such other and further relief as this Honorable Court deems just and proper.

## **COUNT III**
(Civil Conspiracy)

24. COMES NOW Plaintiff, Antonio M. Fernandez, by and through his attorney, William S. Bach, sues Defendant, ETB Holdings, Inc., and hereby recites and incorporates all of the aforegoing paragraphs, as fully as if made again originally, and he further states:

25. That at all times pertinent hereto, George Hayter was employed by and held the position of Chairman with Defendant, ETB Holdings, Inc.

26. That all times pertinent hereto, Mitchell Caplan was employed by and held the position of Chief Executive Officer with Defendant, ETB Holdings, Inc.

27. That all times pertinent hereto, Jane Gelman was employed by and held the position of Director of Administrative Services with Defendant, ETB Holdings, Inc.

28. That at all times pertinent hereto, Jarrett Lilien was employed by and held the position of President and Chief Operating Officer with Defendant, ETB Holdings, Inc.

29. That at all times pertinent hereto, Russell Elmer was employed by and held the position of General Counsel and Corporate Secretary with Defendant, ETB Holdings, Inc.

30. That at all times pertinent hereto, Christine Wolf was employed by and held the position of Vice-President of Human Resources with Defendant, ETB Holdings, Inc.

31. That, at all times pertinent hereto, Plaintiff's aforesaid supervisor, Danny Ng, with the consultation, consent, agreement, approval, and upon the orders, jointly and/or severally, of the aforesaid George Hayter, and/or Mitchell Caplan, and/or Jane Gelman, and/or Jarrett Lilien, and/or Russell Elmer, and/or Christine Wolf, and/or other and additional persons to be identified by Plaintiff at a later date, did, on April 11, 2005, wrongfully terminate the employment of Plaintiff with Defendant, ETB Holdings, Inc., due solely to Plaintiff's refusal to comply with the said illegal instruction and order of Mr. Ng.

32. That at all times relevant hereto, the aforesaid George Hayter, Mitchell Caplan, Jane Gelman, Jarrett Lilien, Russell Elmer, Christine Wolf, and other and additional persons to be identified by Plaintiff at a later date, were all employed by and/or were agents of Defendant, ETB Holdings, Inc., and all of the above described acts

of Danny Ng were committed with the consent, consultation, agreement, and approval of Mr. Hayter, and/or Mr. Caplan, and/or Ms. Gelman, and/or Mr. Lilien, and/or Mr. Elmer, and/or Ms. Wolf, and/or other and additional persons to be identified by Plaintiff at a later date, and all of the said described acts were committed within the scope of each and/or all such person's and/or persons' employment with said Defendant.

33. That all of the persons named aforesaid committed all said acts while on duty, inside of Defendant's place of business, and in furtherance of Defendant's interests.

34. That as the employer and/or principal for all persons named aforesaid at all times pertinent hereto, Defendant, ETB Holdings, Inc., is wholly responsible for all of the aforesaid unlawful and conspiratorial acts committed by all persons named aforesaid.

35. That as a result of the civil conspiracy committed by all persons named aforesaid, jointly and/or severally, which directly and proximately resulted in Plaintiff's wrongful termination, Plaintiff has been left without employment, deprived of an annual salary of Eighty-Thousand Dollars ($80,000.00), plus bonuses and other remuneration, suffered damage to his reputation, and has otherwise been damaged.

WHEREFORE, Plaintiff, Antonio M. Fernandez, demands judgment against Defendant, ETB Holdings, Inc., in the amount of Eighty-Thousand Dollars ($80,000.00) in compensatory damages, plus interest at the rate of six percent (6%) from the said April 11, 2005 date of termination to the date of judgment, attorney fees in the amount of Fifteen-Thousand Dollars ($15,000.00), costs, and such other and further relief as this Honorable Court deems just and proper.

## COUNT IV
(Aiding and Abetting)

36. COMES NOW Plaintiff, Antonio M. Fernandez, by and through his attorney, William S. Bach, sues Defendant, ETB Holdings, Inc., and hereby recites and incorporates all of the aforegoing paragraphs, as fully as if made again originally, and he further states:

37. That at all times pertinent hereto, all of Defendant's employees and/or agents named aforesaid, including, but not limited to, George Hayter, Mitchell Caplan, Jane Gelman, Jarrett Lilien, Russell Elmer, Christine Wolf, and/or such other and additional persons to be identified by Plaintiff at a later date, possessed actual knowledge of the aforesaid tortious and wrongful conduct of Danny Ng.

38. That at all times pertinent hereto, all said persons named aforesaid, jointly and severally, aided, abetted, and encouraged Danny Ng's aforesaid wrongful and tortious conduct, and knowingly provided substantial encouragement, assistance, and aid in the wrongful termination of Plaintiff by approving, endorsing, and then immediately implementing said wrongful termination.

39. That as a result of the tortious aiding and abetting, jointly and severally, by all persons named aforesaid, in the said tortious and illegal termination of Mr. Fernandez, Plaintiff has been left without employment, deprived of an annual salary of Eighty-Thousand Dollars ($80,000.00), plus bonuses and other remuneration, suffered damage to his reputation, and has otherwise been damaged.

WHEREFORE, Plaintiff, Antonio M. Fernandez, demands judgment against Defendant, ETB Holdings, Inc., in the amount of Eighty-Thousand Dollars ($80,000.00) in compensatory damages, plus interest at the rate of six percent (6%) from the said April 11, 2005 date of termination to the date of judgment, attorney fees in the amount of Fifteen-Thousand Dollars ($15,000.00), costs, and such other and further relief as this Honorable Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial in this matter.

### AFFIDAVIT

*I, Antonio M. Fernandez, do hereby certify that the contents of the aforegoing Complaint are true and correct to the best of my knowledge, information, and belief.*

_____
Antonio M. Fernandez

District of Columbia:

Subscribed and Sworn before me on this _____ day of _____, 2005.

_____
Notary Public
District of Columbia

My Commission Expires: _____

Respectfully submitted,

_____
William S. Bach, Esq.  (Bar #448392)
717 D Street, #400
Washington, D.C.  20004
(202)-737-2930
WSBACHESQUIRE@AOL.COM

Attorney for Plaintiff

11